# EXHIBIT A

to

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court address: Denver District Court<br>            1437 Bannock St # 256<br>            Denver, CO 80202 | DATE FILED: March 14, 2022 6:06 PM<br>FILING ID: 4018EE7871159<br>CASE NUMBER: 2022CV30700 |
| Plaintiff:  Caitlin Robertson as mother and next friend of Rylan Robertson, a minor<br><br>v.<br><br>Defendants: 5280 Jumpers, LLC; KC & Associates, LLC; Bear Valley Club U20, LLC d/b/a Bear Valley Club HOA | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Michael Born, Reg. No. 38464<br>Alexander Beale, Reg. No. 52430<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado  80014<br>Phone Number:  (303) 757-3300<br>Fax Number:     (303) 759-5203<br>E-Mail:          bornm@fdazar.com<br>bealea@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff, Caitlin Robertson as mother and next friend of Rylan Robertson, a minor, by and through her attorneys, Franklin D. Azar and Associates, P.C., and for her Complaint and Jury Demand, for damages, states and alleges as follows:

**VENUE**

1. Caitlin Robertson and Rylan Robertson currently reside at 6908 Wooddale Drive, Watauga TX 76148.

2. Upon information and belief, at all times relevant hereto Defendant 5280 Jumpers LLC (hereinafter "5280 Jumpers") was a Colorado Corporation with a registered agent, Scott Westerkamp, located at 6732 W. Coal Mine Ave., Unit 185, Littleton, CO 80128, Jefferson County, Colorado.

3. Upon information and belief, at all times relevant hereto Defendant KC & Associates, LLC, (hereinafter KC & Associates is a Colorado Corporation with a registered agent, KC & Associates, LLC located at 9102 W. Ken Caryl Ave., Suite 100, Littleton, CO 80128, Jefferson County, Colorado.

4. Upon information and belief, at all times relevant hereto Defendant Bear Valley Club U20, LLC d/b/a Bear Valley Club HOA (hereinafter "Bear Valley") is a Colorado Corporation with a registered agent Long Law Group, LLC, located at 44 Cook Street, Suite 255, Denver, CO 80206, City and County of Denver.

5. Upon information and belief, the Property where the injury occurred is located at 3623 S. Sheridan Blvd. Lakewood CO 80235 (hereinafter "Property") was and is located in Jefferson County, Colorado.

6. Venue, in Denver County, Colorado, is proper pursuant to C.R.C.P. Rule 98 as Defendant Bear Valley is located in the City and County of Denver.

## GENERAL ALLEGATIONS

7. A resident of the Property rented a bounce house from Defendant 5280 Jumpers for a birthday party which took place on or about June 5, 2020.

8. Rylan Robertson, age 10, attended this birthday party.

9. On or about June 5, 2020, Defendant 5280 Jumpers was hired by a resident of the Property to set up a bounce house on the Property located at 3623 S. Sheridan Blvd. Lakewood CO 80235.

10. Defendants KC & Associates and Bear Valley were aware of the rental and allowed the installation to occur on the Property.

11. On or about June 5, 2020 Rylan Robertson was jumping in the bounce house along with several other partygoers.

12. A large gust of wind blew the improperly secured bounce house and slammed it into a nearby tree.

13. Rylan Robertson was severely injured by the resulting impact.

14. As a result of this incident, Rylan Robertson suffered extensive injuries, damages and losses.

15. As a result of this incident, Rylan Robertson suffered a serious head injury.

16. As a result of this incident, Ryland Robertson suffered permanent and lasting injury.

17. Rylan Robertson was not negligent on the date of the incident.

18. Rylan Robertson has not failed to mitigate his damages.

19. Caitlin Robertson was not negligent on the date of the incident.

20. Damien Robertson was not negligent on the date of the incident.

21. At the time of the incident, the Robertson family were renting a unit at the Property. Caitlin Robertson, Damien Robertson and Ryland Robertson are not members of the Bear Valley HOA.

22. Defendant 5280 Jumpers is a landowner of the Property where the incident occurred pursuant to C.R.S.13-21-115.

23. Defendant KC & Associates is a landowner of the Property where the incident occurred pursuant to C.R.S. 13-21-115.

24. Defendant Bear Valley is a landowner of the Property where the incident occurred pursuant to C.R.S. 13-21-115.

25. Defendant 5280 Jumpers was responsible for maintaining Property at the time of the incident.

26. Defendant KC & Associates was responsible for maintaining the Property at the time of the incident.

27. Defendant Bear Valley was responsible for maintaining the Property at the time of the incident.

28. Rylan Robertson was a business invitee at the time of the incident.

29. Caitlin Robertson was a business invitee at the time of the incident.

30. Damien Robertson was a business invitee at the time of the incident.

31. Neither Damien Robertson, Caitlin Robinson, nor Rylan Robertson executed an exculpatory agreement with Defendant 5280 Jumpers.

32. The area where the incident occurred is a located in a common area of Bear Valley Village Condominiums.

33. This common area is owned by Defendant Bear Valley.

34. This common area is maintained by Defendant KC & Associates, a property management company.

35. Defendant 5280 Jumpers negligently installed the bounce house.

36. Defendant 5280 Jumpers failed to properly secure/stake down the bounce house.

37. Defendant 5280 Jumpers failed to properly monitor the weather conditions on the days leading up to the incident.

38. Defendant 5280 Jumpers failed to properly monitor the weather conditions on the date of the incident, June 5, 2020.

39. Defendant 5280 Jumpers left the Property after installing the bounce house.

40. Defendant 5280 Jumpers failed to monitor the bounce house following the installation.

41. Defendant Bear Valley, as the landowner, is responsible for activities carried out on the Property.

42. Defendant KC & Associates, as the Property manager, is responsible is responsible for activities carried out on the Property where the incident occurred.

43. Defendant Bear Valley failed to properly monitor the activities of 5280 Jumpers on the date of the incident.

44. Defendant KC & Associates failed to properly monitor the activities of 5280 Jumpers on the date of incident.

45. Defendant Bear Valley failed to put into place proper procedures for vendors performing activates on the Property.

46. Defendant KC & Associates failed to put into place proper procedures for the vendors performing activities on the Property.

47. As a landowner, Defendant Bear Valley cannot delegate its duty to keep the Property free from dangerous conditions.

48. As a landowner, Defendant KC & Associates cannot delegate its duty to keep the Property free of dangerous conditions.

49. The bounce house being located on the Property constituted an attractive nuisance, and the presence of the bounce house was an unusual condition of the Property, especially attractive to children.

50. Rylan Robinson was too young to appreciate or realize the risk of injury to himself posed by the improperly installed and/or staked bounce house.

51. Rylan Robinson was too young to appreciate or realize the risk of injury to himself posed by high winds while utilizing the bounce house.

52. The improperly installed and/or staked bounce house created an unreasonable risk of injury to children which Defendants knew or should have known about.

53. Each Defendant failed to exercise reasonable care to prevent this injury to persons such as the Plaintiff.

**FIRST CLAIM FOR RELIEF**
*(Premises Liability under C.R.S. 13-21-115 against 5280 Jumpers)*

54. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

55. Defendant expressly and impliedly invited Plaintiff onto the Property.

56. Defendant had a duty to keep the Property free from dangerous conditions and/or protect Plaintiff against the danger on the Property and/or warn the Plaintiff of the dangerous condition.

57. Defendant did not take any precautions to prevent injuries to its customer, the Plaintiff, and knew, or should have known, that conditions were treacherous, and the bounce house was improperly staked and installed.

58. Plaintiff suffered substantial injuries from the incident.

59. There were no warnings placed around the bounce house, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition.

60. Defendant failed to monitor the weather conditions for the date of the incident. Simply installing the bounce house with expected high winds constituted a dangerous condition.

61. Defendant knew, or should have known, of the existence of the improperly installed and improperly stated bounce house which caused the injury.

62. Defendant knew of should have known, that high winds were expected on the date of the incident.

63. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the Property.

64. Defendant failed to correct, remove, or warn Plaintiff of this danger.

65. Defendant's failure to exercise reasonable care to protect Plaintiff against this dangerous condition, was the proximate cause of this incident and of Plaintiff's resulting injuries.

66. As a direct and proximate result of Defendant's failure to protect Plaintiff from the dangerous condition, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages he suffered as a result of Defendant failure to use reasonable care.

67. As a further direct and proximate result of Defendant failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

## SECOND CLAIM FOR RELIEF
*(Negligence against Defendant 5280 Jumpers)*

68. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

69. Defendant had a duty to keep the Property free from dangerous conditions and/or protect Plaintiff against the danger on the Property and/or warn the Plaintiff and the public at large of the dangerous condition.

70. Defendant did not take any precautions to prevent injuries to Plaintiff or the public at large at the time of the incident or at a reasonable time leading up to the incident.

71. Defendant knew, or should have known, that conditions were treacherous and that the bounce house was improperly secured and/or staked.

72. Defendant knew or should have known the bounce house should have never been installed due to the risk and danger of high winds.

73. Rylan Robertson suffered substantial injuries from the incident.

74. There were no signs placed around the bounce house, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition created by the improperly secured bounce house and the weather conditions.

75. Defendant knew, or should have known, of the existence of the improperly installed/staked bounce house.

76. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the Property.

77. Defendant failed to correct, remove, or warn Plaintiff of this danger.

78. Defendant's negligence, in failing to exercise reasonable care to protect Plaintiff against this dangerous condition, was a proximate cause of this incident and of Plaintiff's resulting injuries.

79. As a direct and proximate result of Defendant's failure to act reasonably to ameliorate the dangerous condition if the improperly installed/improperly staked bounce house, as well as the failure to monitor the weather Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages he suffered as a result of Defendant's failure to use reasonable care.

80. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and he will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

### THIRD CLAIM FOR RELIEF
*(Premises Liability under C.R.S. 13-21-115 against KC & Associates)*

81. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

82. Defendant expressly and impliedly invited Plaintiff onto the Property.

83. Defendant had a duty to keep the Property free from dangerous conditions and/or protect Plaintiff against the danger on the Property and/or warn the Plaintiff of the dangerous condition.

84. Defendant did not take any precautions to prevent injuries to its customer, the Plaintiff, and knew, or should have known, that conditions were treacherous, and the bounce house was improperly staked and installed.

85. Plaintiff suffered substantial injuries from the incident.

86. There were no warnings placed around the bounce house, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition.

87. Defendant failed to monitor the weather conditions for the date of the incident. Simply installing the bounce house with expected high winds constituted a dangerous condition.

88. Defendant knew, or should have known, of the existence of the improperly installed and improperly stated bounce house which caused the injury.

89. Defendant knew of should have known, that high winds were expected on the date of the incident.

90. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the Property.

91. Defendant failed to correct, remove, or warn Plaintiff of this danger.

92. Defendant's failure to exercise reasonable care to protect Plaintiff against this dangerous condition, was the proximate cause of this incident and of Plaintiff's resulting injuries.

93. Defendant is responsible for the actions taken by Defendant 5280 Jumpers on the date of the incident.

94. Defendant failed to put in place proper procedures regarding vendors' activities on the Property to prevent incidents such as this.

95. As a direct and proximate result of Defendant's failure to protect Plaintiff from the dangerous condition, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages he suffered as a result of Defendant failure to use reasonable care.

96. As a further direct and proximate result of Defendant failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

## FOURTH CLAIM FOR RELIEF
*(Negligence against Defendant KC & Associates)*

97. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

98. Defendant had a duty to keep the Property free from dangerous conditions and/or protect Plaintiff against the danger on the Property and/or warn the Plaintiff and the public at large of the dangerous condition.

99. Defendant did not take any precautions to prevent injuries to Plaintiff or the public at large at the time of the incident or at a reasonable time leading up to the incident.

100. Defendant knew, or should have known, that conditions were treacherous and that the bounce house was improperly secured and/or staked.

101. Defendant knew or should have known the bounce house should have never been installed due to the risk and danger of high winds.

102. Defendant failed to put in place proper procedures regarding vendors' activities on the Property to prevent incidents such as this.

103. Rylan Robertson suffered substantial injuries from the incident.

104. There were no signs placed around the bounce house, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition created by the improperly secured bounce house and the weather conditions.

105. Defendant knew, or should have known, of the existence of the improperly installed/staked bounce house.

106. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the Property.

107. Defendant failed to correct, remove, or warn Plaintiff of this danger.

108. Defendant failed to put in place proper procedures regarding vendors' activities on the Property to prevent incidents such as this.

109. Defendant's negligence, in failing to exercise reasonable care to protect Plaintiff against this dangerous condition, was a proximate cause of this incident and of Plaintiff's resulting injuries.

110. As a direct and proximate result of Defendant's failure to act reasonably to ameliorate the dangerous condition if the improperly installed/improperly staked bounce house, as well as the failure to monitor the weather Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages he suffered as a result of Defendant's failure to use reasonable care.

111. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and

other special damages and expenses. Plaintiff's damages are still accruing, and he will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

## FIFTH CLAIM FOR RELIEF
*(Premises Liability under C.R.S. 13-21-115 against Bear Valley)*

112. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

113. Caitlin Robertson, Damien Robertson and Ryland Robertson are not members of the Bear Valley HOA.

114. Defendant expressly and impliedly invited Plaintiff onto the Property.

115. Defendant had a duty to keep the Property free from dangerous conditions and/or protect Plaintiff against the danger on the Property and/or warn the Plaintiff of the dangerous condition.

116. Defendant did not take any precautions to prevent injuries to its customer, the Plaintiff, and knew, or should have known, that conditions were treacherous, and the bounce house was improperly staked and installed.

117. Plaintiff suffered substantial injuries from the incident.

118. There were no warnings placed around the bounce house, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition.

119. Defendant failed to monitor the weather conditions for the date of the incident. Simply installing the bounce house with expected high winds constituted a dangerous condition.

120. Defendant knew, or should have known, of the existence of the improperly installed and improperly stated bounce house which caused the injury.

121. Defendant knew of should have known, that high winds were expected on the date of the incident.

122. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the Property.

123. Defendant failed to correct, remove, or warn Plaintiff of this danger.

124. Defendant's failure to exercise reasonable care to protect Plaintiff against this dangerous condition, was the proximate cause of this incident and of Plaintiff's resulting injuries.

125. Defendant is responsible for the actions taken by Defendant 5280 Jumpers on the date of the incident.

126. Defendant failed to put in place proper procedures regarding vendors' activities on the Property to prevent incidents such as this.

127. As a direct and proximate result of Defendant's failure to protect Plaintiff from the dangerous condition, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages he suffered as a result of Defendant failure to use reasonable care.

128. As a further direct and proximate result of Defendant failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

## SIXTH CLAIM FOR RELIEF
*(Negligence against Defendant Bear Valley)*

129. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

130. Defendant had a duty to keep the Property free from dangerous conditions and/or protect Plaintiff against the danger on the Property and/or warn the Plaintiff and the public at large of the dangerous condition.

131. Defendant did not take any precautions to prevent injuries to Plaintiff or the public at large at the time of the incident or at a reasonable time leading up to the incident.

132. Defendant knew, or should have known, that conditions were treacherous and that the bounce house was improperly secured and/or staked.

133. Defendant knew or should have known the bounce house should have never been installed due to the risk and danger of high winds.

134. Defendant failed to put in place proper procedures regarding vendors' activities on the Property to prevent incidents such as this.

135. Rylan Robertson suffered substantial injuries from the incident.

136. There were no signs placed around the bounce house, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition created by the improperly secured bounce house and the weather conditions.

137. Defendant knew, or should have known, of the existence of the improperly installed/staked bounce house.

138. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the Property.

139. Defendant failed to correct, remove, or warn Plaintiff of this danger.

140. Defendant failed to put in place proper procedures regarding vendors' activities on the Property to prevent incidents such as this.

141. Defendant's negligence, in failing to exercise reasonable care to protect Plaintiff against this dangerous condition, was a proximate cause of this incident and of Plaintiff's resulting injuries.

142. As a direct and proximate result of Defendant's failure to act reasonably to ameliorate the dangerous condition if the improperly installed/improperly staked bounce house, as well as the failure to monitor the weather Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages he suffered as a result of Defendant's failure to use reasonable care.

143. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and he will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendants for all general damages, special damages, all statutory and necessary costs including, but not limited to, attorney's fees and costs, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiff's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

Plaintiff further requests that this Court enter judgment in her favor against Defendants for an amount to be determined by the Trial Court, together with pre and post judgment interest

as provided by law, court costs, reasonable attorney's fees as provided by statute, and for the following:

(1) A monetary award representing a reasonable amount of compensatory damages including any and all medical bills and medical expenses, noneconomic damages, permanent impairment damages, past and future lost earnings and earnings impairment in the future;

(2) Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

(3) Interest from the date of the accident; and

(4) Such other and further relief as this honorable Court deems proper.

**PLAINTIFF REQUESTS TRIAL OF ALL MATTERS AT ISSUE HEREIN TO A JURY**

Respectfully submitted this 14th day of March, 2022

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
 */s/     Michael Born*
Michael Born, Reg. No. 38464
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
6908 Wooddale Drive,
Watauga TX 76148